UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THADDEUS CHEYENNE CENTERS,

          Petitioner,

v.                          CASE NO. 92-CV-73705-DT
                            HONORABLE DENISE PAGE HOOD

ANDREW JACKSON,

          Respondent.
_____/

**ORDER TRANSFERRING PETITIONER'S
MOTION FOR RELIEF FROM JUDGMENT
AND MOTION FOR JUDGMENT ON THE PLEADINGS
TO THE COURT OF APPEALS
PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

      Petitioner Thaddeus Cheyenne Centers has moved for relief from a 1995 judgment granting in part his habeas corpus petition. Petitioner relies on Federal Rule of Civil Procedure 60(b)(5) as a basis for his motion. He also has filed a motion for judgment on the pleadings, which is pending before the Court.

      Petitioner initiated this action in 1992 by filing a petition for the writ of habeas corpus under 28 U.S.C. § 2254. United States Magistrate Judge Steven D. Pepe recommended that the petition be granted, and this Court's predecessor conditionally granted the writ of habeas corpus in part on April 5, 1995. The United States Court of Appeals for the Sixth Circuit affirmed the District Court's decision.

      On September 18, 2002, Petitioner applied to the Court of Appeals for permission to file a second or successive habeas corpus petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit denied his request on January 31, 2003.

On March 8, 2004, the Supreme Court issued its decision in *Crawford v. Washington*, 541 U.S. 36 (2004), and on July 30, 2004, Petitioner filed the pending motion for relief from judgment under Rule 60(b)(5)[1].  Finally, on December 9, 2005, Petitioner filed the pending motion for judgment on the pleadings.  Petitioner contends in his motions that the Supreme Court's decision in *Crawford* mandates a different result on an issue presented in his habeas corpus petition.

A motion under Rule 60(b) must be treated as a second or successive habeas petition if it asserts or reasserts a claim of error in the movant's state conviction.  *Gonzalez v. Crosby*, __ U.S. __, __, 125 S. Ct. 2641, 2651 (2005).  A motion states a "claim" if it alleges a subsequent change in substantive law as a reason for justifying relief from judgment.  *Id*. at 2647-48.  Petitioner bases his motion for relief from judgment on a substantive change in the law (the Supreme Court's decision in *Crawford*), accordingly his motion states a "claim" and must be treated as a second or successive habeas petition.

A state prisoner may not file a second or successive habeas corpus petition unless he or she first obtains an appellate court order authorizing the district court to consider the habeas petition.  28 U.S.C. § 2244(b)(3)(A).  When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization from the appellate court, the district court must transfer the document to the Court of Appeals.  *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).  Petitioner has not acquired precertification by the Court of Appeals to file a second or successive habeas petition.

---

[1] Petitioner entitled his motion, "Motion Under Fed. R. Civ. P. 60(B) to Re-open Petition for Writ of Habeas Corpus."

Accordingly,

IT IS ORDERED that the Clerk of the Court is ORDERED to transfer Petitioner's motions for relief from judgment [**Docket No. 102, filed July 30, 2004**] and for judgment on the pleadings [**Docket No. 106, filed December 9, 2005**] to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.[2]

IT IS FURTHER ORDERED that Petitioner's motions for relief from judgment [**Docket No. 102, filed July 30, 2004**] and judgment on the pleadings [**Docket No. 106, filed December 9, 2005**] are DENIED without prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

---

[2] Section 1631 provides in pertinent part that:

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.